CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **CHRISTIAN T. NEALSON,**     ) | |
|      Plaintiff,     ) | Case No. 7:23-cv-00528 |
|     ) | |
| v.     ) | |
|     ) | By: Michael F. Urbanski |
| **MEADOWS,**     ) | Chief United States District Judge |
|      Defendant.     ) | |

## MEMORANDUM OPINION

Christian T. Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Institutional Program Manager at Keen Mountain Correctional Center. Nealson seeks to hold the defendant liable for denying his requests to access certain Virginia Department of Corrections ("VDOC") operating procedures. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim against the defendant.

### I.     Background

Nealson alleges that he has filed requests to access VDOC operating procedures governing "the emergency button in the cells," the "procedure for medical treatment of overdoses," and relationships between employees and inmates. Compl, ECF No. 1, at 2. Nealson asserts that he needs the operating procedures to "prepare for court cases that include staff actions and overdoses" and that the defendant has refused to permit him to access certain procedures even though some of them are publicly available. Id. He claims that the defendant is interfering with his "right to prepare for court cases." Id.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

## III.     Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

2

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes Nealson's complaint as attempting to assert a constitutional claim for denial of access to the courts. To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). Thus, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Nealson's complaint does not satisfy this requirement. He does not describe the claims that he seeks to pursue in specific enough terms to satisfy "the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim[s] is more than hope." Id. at 416. Nor does he explain why he needs the operating procedures in order to file a complaint and cannot simply request the desired information through discovery once a complaint is filed and served. Because Nealson does not adequately allege that he has been hindered in pursuing a nonfrivolous claim, his complaint fails to state a claim for denial of access to the courts.

## IV. Conclusion

For the foregoing reasons, the court concludes that Nealson's complaint is subject to dismissal for failure to state a claim against the defendant. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file an amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: January 8, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.08 12:44:58
-05'00'

Michael F. Urbanski
Chief United States District Judge