CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 22, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTIAN T. NEALSON,<br>    Plaintiff, | Case No. 7:23-cv-00528 |
| v. | |
| MEADOWS,<br>    Defendant. | By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Christian T. Nealson, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Institutional Program Manager at Keen Mountain Correctional Center, seeking to hold the defendant liable for denying his requests to access certain Virginia Department of Corrections (VDOC) operating procedures. By memorandum opinion and order entered January 8, 2024, the court dismissed Nealson's complaint without prejudice for failure to state a claim. ECF Nos. 9, 10. The order permitted Nealson to file a motion to reopen the action, along with an amended complaint, within thirty days of the entry of the order, if he believed that he could remedy the deficiencies noted by the court. ECF No. 10.

On January 25, 2024, Nealson submitted an amended complaint that was docketed as a motion to amend. ECF No. 11. The court will grant the motion for the limited purpose of reviewing the amended complaint pursuant to 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

## I. Background

According to the amended complaint, the defendant supervises the law library at Keen Mountain Correctional Center. Nealson alleges that the defendant has denied or delayed responding to requests for "legal materials, forms, and procedures" that Nealson has submitted for use in "court cases." Am. Compl, ECF No. 11, at 1. Nealson claims that he has "a right to legal materials" and that the defendants' refusal to grant or respond to his requests "violates [his] right to formulate a defense for [his] legal battles." Id.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d

---

* Unless otherwise noted, the court omits internal quotation marks and citations throughout this opinion.

1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Nealson claims that the defendant has violated his constitutional right to access the courts. To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). In particular, the plaintiff must demonstrate that he has been "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." Gee v. Pacheco, 627 F.3d 1178, 1191 (10th Cir. 2010). Examples of an actual injury include "missing a court-imposed deadline or being unable to file a complaint" because of a defendant's actions. Pronin v. Johnson, 628 F. App'x 160, 161 (4th Cir. 2015); see also Jackson v. City of Cleveland, 64 F.4th 736, 746 (6th Cir. 2023) (setting forth "examples of actual prejudice to pending or contemplated litigation"). Additionally, "the underlying cause of action, whether anticipated or lost, is an element that

must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Nealson's amended complaint, like his original complaint, fails to set forth sufficient facts to satisfy the "actual injury" requirement. Although Nealson alleges that he has cases pending, he does not describe the cases in specific enough terms to satisfy the "nonfrivolous test." Id. at 416. Additionally, the amended complaint does not include sufficient factual matter that would allow the court to reasonably infer that the defendant has actually hindered Nealson's ability to pursue a legal claim. While Nealson suggests that the defendant has acted with the intent to "hinder [his] ability to fight legal cases and make deadlines required by the court," Am. Compl. at 1, he does not allege that he has suffered any "actual prejudice to pending or contemplated litigation." Jackson, 64 F.4th at 746. Because the amended complaint does not adequately allege that Nealson has been hindered in pursuing a nonfrivolous claim, it fails to state a claim for denial of access to the courts.

### IV. Conclusion

For the foregoing reasons, the court will grant Nealson's motion to amend, ECF No. 11, for purposes of reviewing the amended complaint under 28 U.S.C. § 1915A(a). Because the amended complaint fails to state a claim upon which relief may be granted, it will be dismissed without prejudice pursuant to § 1915A(b)(1). An appropriate order will be entered.

Entered: April 19, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.19 17:33:57
-04'00'

Michael F. Urbanski
Chief United States District Judge